IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| PATRICIA STONE, <br><br> Plaintiff, <br><br> v. <br><br> TOM GREEN COUNTY, Texas; ALLISON PALMER, in her official capacity; and JOHN BEST, in his official capacity, <br><br> Defendants. | Case No. 6:19-CV-61 <br> JURY TRIAL DEMANDED |

# COMPLAINT

An adversarial system of justice relies on the principle that lawyers can make arguments on their clients' behalf without fear of retaliation from their adversaries. That principle is particularly important where the adversary is the state seeking to punish an individual whose only protection is his defense attorney. This case is brought to vindicate that principle. Patricia Stone argued in a criminal appeal that the plea-bargaining system violates the Texas and United States Constitutions because it is inconsistent with the text of the Constitutions and with the understanding of that text at the time the Constitutions were adopted. In response to these arguments, Defendants implemented a policy of refusing to enter a plea bargain with any of Stone's *other* clients unless she *personally* agrees that her argument was wrong. The purpose of this retaliatory campaign is to silence any attorney who attempts to challenge the plea-bargaining system on which Defendants rely so that they will not have to defend against these challenges in Court. Because Defendants' ongoing policy is an attempt to suppress protected political expression, Defendants violate the First Amendment.

## Parties

1. Plaintiff Patricia Stone has practiced law for more than thirty years. In 2010, she and her husband moved from Beaumont to San Angelo. After the move, Stone served as an Assistant Attorney General for the state of Texas, working in child-support enforcement. She retired from the Attorney General's office in 2015 and opened a private family-law practice. In 2017, she expanded her practice into criminal defense. She now represents clients on an appointed and retained basis in family-law and criminal-defense matters, and she also takes appointed child-protective-services cases and occasionally investigates family-law matters at the request of the State.

2. Tom Green County ("the County") has a policy, implemented by its district attorneys,[1] of refusing to enter plea bargains with Stone unless she agrees to sign a document proclaiming that she personally believes plea bargaining in the State of Texas to be constitutional. The County is sued for damages and injunctive relief.

3. District Attorney Alison Palmer is one of the County's two elected district attorneys. She is sued in her official capacity for injunctive relief only.

4. District Attorney John Best is one of the County's two elected district attorneys. He is sued in his official capacity for injunctive relief only.

## The *Carpenter* Case

5. On June 12, 2018, Stone was appointed as appellate counsel to Austin Ray Carpenter, who had been convicted of aggravated assault in the 119th District Court, which sits in Tom Green County.

---

[1] Tom Green County has two elected district attorneys, each with plenary jurisdiction to prosecute crimes committed in the county and each with plenary authority to make policy on behalf of the County.

6. In her opening brief on behalf of Mr. Carpenter, Stone "challenged *outright* [*inter alia*] the constitutionality of . . . the plea bargain system . . ." on the grounds that a conviction obtained by plea violates the jury-trial rights enshrined in the Texas and United States Constitutions.

7. In response, the State argued, *inter alia*, that "plea taking is rooted in the due process clause of the Constitution" and, therefore, that the plea-bargaining system is constitutional.

8. In her reply, Stone argued again that the plea-bargaining system is unconstitutional under the Texas and United States Constitutions.

9. On March 1, 2019, Stone filed a federal habeas petition on behalf of Mr. Carpenter.

10. In the petition, Stone again challenged the constitutionality of plea bargains in Texas.

11. As a courtesy, Stone sent a letter to District Attorney Best alerting him that the Petition had been filed.

12. To date, no response to the Petition has been filed.

13. To date, Mr. Carpenter's direct appeal remains pending.

14. At no point during the state or federal proceedings in the *Carpenter* case did the State contend that Stone's arguments regarding the unconstitutionality of plea bargaining in Texas were frivolous.

### The County Retaliates

15. On May 29, 2019, Stone was scheduled to appear in the 340th Judicial District Court on behalf of Casey Hines, a client to whose case she had been appointed.

16. Before the hearing was scheduled to begin, Stone approached Tom Green County Assistant District Attorney Jason Ferguson to see if they could work out a plea bargain in Mr. Hines's case.

17. Ferguson told Stone that "plea bargaining is illegal in the state of Texas."

18. Stone was initially confused by Ferguson's response, but eventually Stone realized that Ferguson was referring to Stone's argument in the *Carpenter* case.

19. Stone asked Ferguson if he was serious about refusing to negotiate with her because of her arguments in the *Carpenter* case.

20. Ferguson said that he was indeed serious.

21. No plea offer was made in Mr. Hines's case.

22. On May 30, 2019, Ferguson wrote a letter to Stone and her law partner (and husband) John Stone, alleging that Stone had made untrue statements of fact in her reply in the *Carpenter* appeal.

23. In response, John Stone sent a letter via email and certified mail on June 2, 2019, to District Attorney Best. In this letter, John Stone denied that there were any untrue statements of fact in the *Carpenter* reply and notified Best of Ferguson's refusal to negotiate in the *Hines* case.

24. On June 4, 2019, Stone appeared in the 340th Judicial District Court in Tom Green County to represent Candace Saldivar. Stone had already spoken with the prosecutor assigned to the case, Assistant District Attorney Dana Nolen, and Nolen and Stone (on behalf of her client) had already reached an agreement in principle (subject to approval by the court) to resolve the case.

25. In court that day, Nolen told Stone that Nolen could not enter into the plea agreement unless Stone signed a document that Nolen referred to as an "Additional Admonishment."

26. The Additional Admonishment reads: "Additional Admonishment for defense counsel seeking to undermine and overturn at least one conviction by filing at least one appellate brief raising the issue that plea agreements are unconstitutional and/or at least one writ of habeas corpus alleging that plea agreements are unconstitutional: I do not believe that entry into this plea agreement is or has been unconstitutional in any way. I believe my client has freely and voluntarily entered this plea of guilty and I have fully explained his constitutional rights in connection with his guilty plea to him. I do not believe I have offered ineffective assistance of counsel in advising my client of his rights and advising my client to enter into this agreement. I believe based on the evidence I have reviewed and based on communications with my client that this agreement is in my client's best legal interests and advise him to enter into this agreement as part of our defensive trial strategy. In no way do I believe this defendant's plea of guilty in exchange for the State's punishment recommendation in this case to have violated my client's constitutional rights, including his due process rights."

27. Stone asked Nolen if the District Attorney's office was asking all defense attorneys to sign the Additional Admonishment.

28. Nolen replied that only Stone was being asked to sign the Additional Admonishment.

29. Stone understands that plea agreements are part of the criminal system as it functions today, but she does not believe that they are constitutional. Signing the Additional

Admonishment would undermine her representation of Mr. Carpenter: to repudiate her own belief that plea bargaining is unconstitutional would conflict with her arguments in the *Carpenter* case.

30. Stone refused to sign the Additional Admonishment.

31. The court adjourned Ms. Saldivar's case without the defendant entering a guilty plea.

32. On July 2, 2019, Stone was scheduled to appear on behalf of three clients to whose cases she had recently been appointed.

33. Prior to the July 2 hearing, Stone (on behalf of one of her clients, Demarcus Dubree Greenwood) and Stuart Holden, the Assistant District Attorney assigned to the case, had reached an agreement in principle (subject to approval by the court) to resolve the case.

34. When Stone appeared in court, Holden refused to enter into the agreement unless Stone signed the Additional Admonishment.

35. Stone asked to conduct a colloquy on the record.

36. On the record, Holden explained that the District Attorney's office did not want to "get a writ on the basis of ineffective assistance of counsel and/or that plea bargain is an unconstitutional mechanism by which to resolve a case."

37. District Attorney Palmer then said to the court: "Judge, this is our position. We need to insulate ourselves against these attacks. This is our position. This is the position we've chosen to make only with Ms. Stone because she's the only one raising this belief, this assertion that plea bargains are unconstitutional. Of course we can't dictate what the Court does, but this is something we feel we need to do to protect our [interruption from the court]— . . . . My concern is that Ms. Stone is saying that she believes if an attorney enters into the plea bargain process, they are ineffective. So is she calling herself, then, ineffective in entering into this plea and setting up

some sort of a writ situation, some sort of appellate situation? We just want to insulate ourselves from it to the degree that we can. And so for that reason, I—I'm responsible for this. Mr. Holden stated in there, and I appreciate that, but I'm responsible for this. This is my decision."

38. To the extent that District Attorney Palmer asserted that her purpose in requiring the Additional Admonishment was to insulate any proposed pleas from later appellate attack, such a purpose could not possibly be fulfilled. Even if prosecutors could insulate plea agreements from appellate attacks on their own validity by extracting a waiver from the *defendant*—and, indeed, prosecutors cannot do that[2]—prosecutors may not extract such a waiver from the *lawyer*. Nor would the extraction of such a waiver from a lawyer as part of a plea bargain prevent the *defendant* from attacking the validity of the plea bargain on appeal.

39. After District Attorney Palmer's statement, the clarified that the parties had reached an agreement to resolve Mr. Greenwood's case, but that they could not enter that agreement because Stone would not agree to the Additional Admonishment.

40. The court scheduled the case for trial, noting that "maybe another court will weigh in on [the issues regarding the Additional Admonishment] before we get to that point."

41. At the direction of District Attorneys Palmer and Best, no assistant district attorney will enter into a plea bargain with any client represented by Stone unless Stone agrees to sign the Additional Admonishment.

42. District Attorneys Palmer and Best directed their subordinates to require Stone to sign the Additional Admonishment in response to Stone's arguments in the *Carpenter* case.

---

[2] *See United States v. White*, 307 F.3d. 336, 343 (5th Cir. 2002) ("[A]n impermissible bootstrapping arises where a waiver is sought to be enforced to bar a claim that the waiver itself—or the plea agreement of which it was a part—was unknowing or involuntary.").

43. John and Patricia Stone are the only attorneys practicing in Tom Green County who have recently argued that plea bargaining is categorically unconstitutional.

44. District Attorneys Palmer and Best have not instructed their subordinates to require that any attorney other than Stone sign the Additional Admonishment.

45. District Attorneys Palmer and Best plan to require Stone to sign the Additional Admonishment indefinitely.

### Stone is Forced to Withdraw from her Criminal-Defense Cases

46. When Stone learned that the County was going to require her to sign the Additional Admonishment in all of her cases, she promptly moved to sanction and disqualify the District Attorneys from all of her cases or, in the alternative, to be permitted to withdraw from all of her cases.

47. Stone was forced to take these actions because the County's policy had created an unresolvable conflict between Stone's interests in her protected speech and her clients' interests in the opportunity to plea bargain on terms available to other defendants.

48. By order of the Presiding Judge of the Seventh Judicial Administrative District of Texas (which includes Tom Green County), the motions for disqualification or withdrawal were assigned to a visiting judge.

49. On August 29, 2019, the visiting judge denied Stone's motion to disqualify the District Attorneys, but granted her motion to withdraw. The visiting judge noted that any questions beyond whether the District Attorneys should be sanctioned or disqualified from Stone's cases were beyond the scope of the court's inquiry; the visiting judge did not rule on whether the District Attorney's actions were unconstitutional.

50. Stone withdrew from ten pending cases.

51.     She submitted invoices for the minimum available fee ($750) for the ten cases from which she withdrew.

52.     Several of the cases from which Stone withdrew would likely have progressed further and, therefore, required additional compensable attorney work.

### The Ongoing Harm to Stone

53.     Because the District Attorneys will require her to sign the Additional Admonishment to enter any bargained-for plea on behalf of a client, Stone may not ethically represent criminal defense clients. Although Stone has argued that plea bargaining is unconstitutional, her ethical duties forbid her to deprive her clients of the opportunity to enter into plea bargains while they remain the accepted practice.

54.     At the same time, Stone will not abandon or undermine the view expressed in the Carpenter briefing. She intends to continue to press that point on appeal in the *Carpenter* case and in other future matters if it is legally and strategically appropriate to do so.

55.     As such, Stone has temporarily removed herself from the list of attorneys eligible to receive criminal-defense appointments in Tom Green County and she plans to decline all potential retained criminal-defense matters.

56.     Since she withdrew from her appointed representations, Stone has declined two potential retained representations because of Defendants' illegal policy.

57.     In 2018, the average amount that appointed attorneys were compensated per case in Tom Green County was $2,341.

### Claims for Relief

*Count One*: **Injunction Under 42 U.S.C. § 1983 for Retaliation in Violation of Stone's First Amendment Rights (Against All Defendants)**

58.     Stone incorporates by reference paragraphs 1–57 of this Complaint.

59. District Attorneys Palmer and Best (as policymakers for Tom Green County, or as state officials) have an ongoing policy of requiring Stone to sign the Additional Admonishment in retaliation for her protected speech in the *Carpenter* appeal.

60. Stone seeks an injunction that Defendants be ordered to plea bargain with her clients on the terms available to other attorneys' clients without requiring that she sign the Additional Admonishment.

**Count Two: Injunction Under 42 U.S.C. § 1983 for Compelled Speech in Violation of Stone's First Amendment Rights (Against All Defendants)**

61. Stone incorporates by reference paragraphs 1–57 of this Complaint.

62. District Attorneys Palmer and Best (as policymakers for Tom Green County, or, in the alternative, as state officials) have an ongoing policy of requiring Stone to sign the Additional Admonishment if she seeks to enter a plea bargain on behalf of a client.

63. Stone cannot competently and ethically practice law in Tom Green County unless she is able to plea bargain on behalf of her clients.

64. Stone is, therefore, being compelled to sign the Additional Admonishment, which requires her to publicly proclaim a legal and political position with which she disagrees and which contradicts the position she took on behalf of Mr. Carpenter.

**Count Three: Damages Under 42 U.S.C. § 1983 for Retaliation in Violation of Stone's First Amendment Rights (Against Tom Green County Only)**

65. Stone incorporates by reference paragraphs 1–57 of this Complaint.

66. District Attorneys Palmer and Best implemented a policy on behalf of Tom Green County requiring Stone to sign the Additional Admonishment in retaliation for her protected speech in the *Carpenter* appeal.

67. As a result, Stone was forced to withdraw from twelve pending cases and to decline several additional retained representations.

68. District Attorneys Palmer and Best continue to implement a policy on behalf of Tom Green County requiring Stone to sign the Additional Admonishment in retaliation for her protected speech in the *Carpenter* appeal.

69. As a result, Stone may not ethically accept any additional criminal-defense representations.

***Count Four*: Damages Under 42 U.S.C. § 1983 for Compelled Speech in Violation of Stone's First Amendment Rights (Against Tom Green County Only)**

70. Stone incorporates by reference paragraphs 1–57 of this Complaint.

71. District Attorneys Palmer and Best (as policymakers for Tom Green County) implemented a policy requiring Stone to sign the Additional Admonishment if she sought to enter a plea bargain on behalf of a client.

72. Stone cannot competently and ethically practice law in Tom Green County unless she is able to plea bargain on behalf of her clients.

73. Stone was, therefore, compelled to sign the Additional Admonishment, which requires her to publicly proclaim a legal and political position with which she disagrees and which she took on behalf of Mr. Carpenter.

74. Stone refused to sign the Additional Admonishment and, therefore, was forced to withdraw from twelve appointed representations and decline several retained representations.

75. District Attorneys Palmer and Best (as policymakers for Tom Green County) continue to implement a policy requiring Stone to sign the Additional Admonishment if she seeks to enter a plea bargain on behalf of a client.

76. Stone cannot competently and ethically practice law in Tom Green County unless she is able to plea bargain on behalf of her clients.

77. Stone is, therefore, compelled to sign the Additional Admonishment, which requires her to publicly proclaim a legal and political position with which she disagrees.

78. Stone will refuse to sign the Additional Admonishment.

79. Therefore, Stone must decline all criminal-defense representations as a result of the County's policy.

## **Prayer for Relief**

Plaintiff Patricia Stone respectfully requests:

- An injunction requiring District Attorneys Palmer and Best to bargain with Stone on terms available to other attorneys without regard to her protected speech and without requiring her to sign the Additional Admonishment (and to direct their subordinates to do the same);
- An order against Tom Green County requiring payment of compensatory damages;
- An award of reasonable attorney's fees under 42 U.S.C. § 1988;
- And any other relief this Court considers appropriate.

Respectfully submitted,

*/s/ Charles Gerstein*
*/s/ Eric Halperin*
Charles Gerstein
*Attorney in Charge*
(N.D. Tex. Bar No. 1033346DC)
Eric Halperin
(*pro hac vice* application forthcoming)
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
charlie@civilrightscorps.org
(202) 670-4809